**Alfonso Morales, State Bar No. 235314**
LAW OFFICES OF ALFONSO MORALES, ESQ.
8131 ROSECRANS AVE. SUITE 200
PARAMOUNT, CA 90723
Telephone: (310) 669-8700
info@alfonsomoraleslaw.com

Counsel for Petitioner

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

**RICARDO SALGADO ORTEGA**;

*Petitioner*,

v.

**Warden** of Adelanto ICE Processing Center; **Markwayne MULLIN**, Secretary, Department of Homeland Security; **David VENTURELLA**, in his official capacity as Director of U.S. Immigration and Customs Enforcement; **Todd BLANCHE**, Attorney General of the United States; **Andre QUINONES**, Director, Los Angeles ICE Field Office.

*Respondents*.

CASE:

**PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

1. This petition for Writ of Habeas Corpus is filed on behalf of Petitioner Ricardo Salgado Ortega, to challenge the lawfulness of his detention by Respondents and to secure his release.

2. Petitioner's detention violates the Due Process Clause of the Fifth Amendment because it was not supported by individualized suspicion or other lawful authority, Immigration and Nationality Act ("INA") and applicable regulations.

3. Petitioner was detained without individualized suspicion. The circumstances surrounding his detention indicate that he may have been subjected to impermissible profiling.

4. Immigration authorities detained Petitioner on October 14, 2026, in Riverside, California while driving to work in the early morning hours. He is currently detained at the Adelanto ICE Processing Center.

5. Petitioner has no known criminal convictions.

6. Petitioner has two United States citizen children, Shirley Salgado Reyes born on November 25, 2007, Alan Salgado Reyes born on April 04, 2011. The respondent's children all live with him at their home in Riverside, CA.

7. Petitioner has resided in the United States for many years, has strong family and community ties, and has no known convictions for Crimes Involving Moral Turpitude (CIMT). Based on these circumstances, he appears eligible to seek relief from removal.

8. Petitioner is deprived of his personal liberty and remains in immigration detention.

9. Through this Petition, Petitioner seeks a Writ of Habeas Corpus directing Respondents to justify the legal basis for his detention or, alternatively, to order his immediate release.

///

///

## II. JURISDICTION

10. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

11. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

12. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All-Writs Act, 28 U.S.C. § 1651.

## III. VENUE

13. Venue is proper in this district and division pursuant to 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 1391(b)(2) and (e)(1) because Petitioner is detained within this district at Adelanto Detention Facility in Adelanto, California, which is within the jurisdiction of this District.

14. Venue is proper in this District because a substantial part of the events or omissions given rise to this action occurred and continued to occur at Adelanto Detention Facility in Adelanto, California. 28 U.S.C. § 1391(e).

## IV. REQUIREMENTS OF 28 U.S.C. § 2243

15. The Court must grant the petition for Writ of Habeas Corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

16. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it

does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## V. PARTIES

17. Petitioner Ricardo Salgado Ortega was arrested by ICE officers on October 14, 2026, and was transferred to Adelanto Detention Facility where he is currently detained. He is in custody, and under the direct control, of Respondents and their agents.

18. The acting Warden Adelanto Detention Center has immediate physical custody of Petitioner pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain noncitizens and is a legal custodian of Petitioner. Respondent is a legal custodian of Petitioner.

19. Respondent David Venturella is sued in his official capacity as the Director of U.S. Immigration and Customs Enforcement. Respondent Venturella is a legal custodian of Petitioner and has authority to release him.

20. Respondent Markwayne Mullin is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Markwayne is responsible for the implementation and enforcement of the Immigration and Nationality Act and oversees U.S. Immigration and Customs Enforcement, the component agency responsible for Petitioner's detention and custody. Respondent Markwayne is a legal custodian of Petitioner.

21. Respondent Todd Blanche is sued in his official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, he has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent Blanche is a legal custodian of Petitioner.

22. Respondent Andre Quinones is sued in his official capacity as Director, Los Angeles ICE Field Office. Respondent Quinones is a legal custodian of Petitioner.

## VI. EXHAUSTION OF REMEDIES

23. Petitioner has exhausted all administrative remedies available to him. He is currently detained at the Adelanto Detention Facility under the custody of U.S. Immigration and Customs Enforcement ("ICE"). Under current Board of Immigration Appeals precedent in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), the Immigration Court lacks jurisdiction to conduct a bond hearing in Petitioner's case, rendering any request for custody redetermination unavailable as a matter of law.

24. No further administrative process exists to challenge his ongoing detention or to obtain the relief sought. Accordingly, the filing of this habeas corpus petition under 28 U.S.C. § 2241 is proper. *See Singh v. Holder*, 638 F.3d 1196, 1203–04 (9th Cir. 2011); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## VII. STATEMENT OF FACTS

25. On October 14, 2026, Petitioner was driving to work in Riverside, California, during the early morning hours when he was stopped and detained by immigration authorities.

26. The officers did not identify any traffic violation, criminal activity, or other specific facts suggesting that Petitioner had violated any law before stopping and detaining him. Upon information and belief, the officers did not possess a judicial warrant authorizing Petitioner's arrest. Petitioner was not informed of the basis for the stop before being detained. It should be noted that the respondent was driving a small 1991 Nissan Pickup Truck with his work tools in the bed of the truck. The Petitioner contends that him driving his truck was a primary factor in why Immigration agents stopped him.

27. To Petitioner's knowledge, the officers lacked individualized suspicion that he had committed any crime or immigration violation at the time of the detention. Petitioner did not flee, resist, obstruct, or otherwise interfere with the officers and complied with their commands. The circumstances surrounding the detention indicate that it may have been based on impermissible profiling.

28. Petitioner has no known criminal convictions and no known convictions for crimes involving moral turpitude.
29. Petitioner has two United States citizen children, ages eighteen (18), fifteen (15). The Petitioner's daughter i
30. Petitioner Ricardo Salgado Ortega has resided in the United States for many years and has established substantial family and community ties.
31. Following his arrest, Petitioner was transferred to the Adelanto ICE Processing Center, where he remains in custody of Respondents.
32. Petitioner's detention has deprived him of his liberty and separated him from his wife, adult children, extended family, and community. His continued detention has also prevented him from supporting his family financially and emotionally.
33. Petitioner has substantial equities supporting his release, including his lengthy residence in the United States, stable family relationships, lack of known criminal convictions, and strong ties to the community.
34. Petitioner remains detained by Respondents despite these substantial equities.

## VIII. LEGAL FRAMEWORK

35. The Due Process Clause requires that the deprivation of Petitioners' liberty be narrowly tailored to serve a compelling government interest. See *Reno v. Flores*, 507 U.S. 292, 301–02 (1993) (holding that due process "forbids the government to infringe certain 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest"). As the Supreme Court held in *Zadvydas*, indefinite detention, and detention without adequate procedural protections, would raise a "serious constitutional problem" and run afoul of the Due Process Clause. 533 U.S. at 690.
36. 8 U.S.C. §1226(a) authorizes the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed." Detention under § 1226(a) is discretionary and permits release on bond or conditional parole unless the person

falls within the limited mandatory detention provisions of § 1226(c). The Ninth Circuit has held that individuals detained under § 1226(a) are entitled to individualized bond hearings where the government bears the burden to show, by clear and convincing evidence, that continued detention is justified by flight risk or danger. *Rodriguez v. Robbins*, 804 F.3d 1060, 1078 (9th Cir. 2015), vacated on other grounds, *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). When detention under § 1226(a) becomes prolonged, it must remain reasonably related to its purposes of ensuring appearance and protecting the community. See *Demore v. Kim*, 538 U.S. 510, 531 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Continued detention without a final order of removal, absent these justifications, is arbitrary, excessive, and violates the Due Process Clause.

37. On September 5, 2025, the Board of Immigration Appeals issued *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). The Board held that any noncitizen present in the United States without inspection or admission is subject to detention under INA § 235(b)(2) (8 U.S.C. § 1225(b)(2)), rather than § 236(a) (8 U.S.C. § 1226(a)). This interpretation treats all such noncitizens as "applicants for admission" and places them in mandatory detention without bond eligibility before immigration judges.

38. The decision overruled longstanding agency practice that classified interior arrests of noncitizens who entered without inspection under INA § 236(a) (8 U.S.C. § 1226(a)), which permits discretionary release on bond or parole. Under *Yajure Hurtado*, only those noncitizens who have been formally "admitted," as defined in INA § 101(a)(13)(A), retain bond eligibility.

## IX. <u>CLAIMS FOR RELIEF</u>

### COUNT ONE
### Violation of Fifth Amendment Due Process Clause

39. The Due Process Clause of the Fifth Amendment forbids the government from depriving any person of liberty without due process of law. U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms

of physical restraint—lies at the heart of the liberty" that the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). Civil immigration detention violates due process if it is not reasonably related to its statutory purpose. See id. at 690 (citing *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). In the immigration context, the Supreme Court has recognized only two valid purposes for civil detention: to mitigate the risk of flight and prevent danger to the community. *Id.*; *Demore v. Kim*, 538 U.S. 510, 514–15, 528 (2003). Courts have further held that prolonged detention under 8 U.S.C. §1226(a) implicates due process and requires the government to justify continued confinement at a meaningful bond hearing. See *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021) (requiring the government to prove danger by clear and convincing evidence or flight risk by a preponderance of the evidence).

40. The due process concerns identified in *Maldonado Bautista v. Santacruz* further demonstrate that Respondent's continued detention without a bond hearing is unconstitutional. In granting the TRO, the court found that DHS's misapplication of §1225 deprived interior-arrest noncitizens of the legal protections guaranteed under §1226(a), raising "serious question[s]" as to whether DHS had permissibly altered its detention practices to withhold statutory and constitutional safeguards. TRO Order at 5–7. The court emphasized that continued detention under an unlawful policy serves "neither equity nor the public interest," and "potentially arbitrarily violates …. due process rights." *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022); see also *Xuyue Zhang v. Barr*, 612 F. Supp. 3d 1005, 1017 (C.D. Cal.) (public interest is implicated whenever constitutional rights are denied). As in *Maldonado Bautista*, Respondent's detention under the incorrect statutory framework deprives him of the procedural protections mandated by §1226(a), rendering his continued detention fundamentally inconsistent with the Fifth Amendment. This concern is heightened because Respondent has not been issued a bond hearing based on lack of jurisdiction, which

presumably relied on the same misapplication of §1225(b) that the district court rejected. As of the date of this Petition, the U.S. Department of Homeland Security has not issued the Petitioner a Notice to Appear before the U.S. Executive Office of Immigration Review.

41. First, Petitioner does not pose a danger to the community. He has significant ties to the United States, and he does not have a criminal history.

42. Another factor that should be afforded weight is that Petitioner is represented by undersigned counsel. Retaining the services attorney is a significant financial commitment. It is an indication that he is invested in his case and willing to follow through with any requirements imposed by ICE to continue litigating his claim. His willingness to invest in his litigating his claim should mitigate any flight risk concerns. Petitioner is planning to stay in the jurisdiction to fully litigate his relief applications. His investment contradicts any likelihood of absconding, as flight risk might try to leave the jurisdiction to avoid arrest or to abscond. The act of securing legal representation suggests that Petitioner is very likely remaining within the country or region to actively pursue his relief applications.

43. For these reasons, Petitioner's continued detention violates the Due Process Clause of the Fifth Amendment, and he must be immediately released.

**<u>COUNT TWO</u>**

**Violation Of Immigration and Nationality Act, 8 U.S.C. § 1231(A)(6)**

44. Petitioner realleges and incorporates by reference the paragraphs above.

45. 8 U.S.C. § 1226(a) authorizes the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed," but expressly permits release on bond or conditional parole. This provision governs the detention of individuals, like Petitioner, who have not been ordered removed and whose proceedings remain pending.

46. Detention under § 1226(a) must remain reasonably related to its purposes of ensuring appearance at removal proceedings and protecting the community. When those justifications no longer apply, continued custody exceeds the scope of the statute. See *Demore v. Kim*, 538 U.S. 510, 529–31 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

47. The Supreme Court in *Jennings v. Rodriguez,* 583 U.S. 830 (2018), distinguished between the discretionary detention authority in § 1226(a) and the mandatory detention provisions of § 1226(c). *Jennings* held that § 1226(a) allows for release on bond or conditional parole and does not itself impose mandatory custody. While the Court rejected the imposition of automatic, periodic bond hearings as a matter of statutory interpretation, if left open the constitutional question of whether prolonged detention without an individualized hearing violates due process. *See id.* at 851 (remanding to consider constitutional claims).

48. Subsequent courts have recognized that such prolonged detention without a hearing raises serious due process concerns. See *Hernandez-Lara v. Lyons,* 10 F.4th 19, 41 (1st Cir. 2021) (holding that due process requires the government to justify continued § 1226(a) detention by clear and convincing evidence of danger or by a preponderance of evidence of flight risk).

49. Petitioner is detained under 8 U.S.C. § 1226(a), which governs pre-final-order detention for individuals in ongoing removal proceedings. Respondents' continued detention of Petitioner without affording a bond hearing violates § 1226(a)'s plain language and structure. Detention under § 1226(a) must be justified by legitimate governmental interests, however Respondents have not demonstrated that Petitioner presents a flight risk or danger to the community, making his continued detention is arbitrary, excessive, and contrary to law.

50. Following *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), Respondents have adopted a blanket interpretation that classifies all noncitizens who entered without

inspection as subject to mandatory detention under § 1225(b), thereby denying bond eligibility to those properly detained under § 1226(a). This interpretation is inconsistent with the statute and longstanding practice, resulting in the unlawful denial of individualized bond determinations.

51. Notably, The Central District of California has rejected DHS's attempt to treat interior-arrest noncitizens as mandatory detainees under § 1225(b). (*Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, TRO Order (C.D. Cal. July 28, 2025)). In *Maldonado Bautista v. Santacruz*, the court granted a Temporary Restraining Order enjoining DHS from detaining similarly situated individuals without providing an individualized §1226(a) bond hearing, holding that DHS's reliance on §1225(b) for interior arrests was unconvincing and inconsistent with the statutory framework. *Id*. The court concluded that individuals arrested inside the United States and detained under §1226(a) were being unlawfully deprived of the procedural protections guaranteed by that statute, including a bond hearing before a neutral adjudicator. *Id*.

52. Here, Petitioner is in the same posture as the Petitioners in *Maldonado Bautista*. He was arrested in the interior and will be denied a bond hearing solely because DHS has asserted, they do not have jurisdiction. Petitioner's Notice to Appear expressly charges him as "an alien present in the United States without being admitted or paroled", not as "an arriving alien." Under *Maldonado Bautista* and long-standing practice, such detention is unlawful, and Petitioner is entitled to habeas relief directing the government to provide a prompt §1226(a) bond hearing or order his release.

53. Petitioner has strong family and community ties in the United States. He has resided in the United States continuously for a very long time. Petitioner has no criminal history, so he is not subject him to mandatory detention under 8 U.S.C. §1226(c). Because Petitioner is detained under 8 U.S.C. §1226(a), he is statutorily entitled to seek release on bond following an individualized custody determination. Respondents' blanket

refusal to provide such a bond hearing contravenes §1226(a)'s discretionary framework and exceeds the detention authority Congress has authorized.

54. Accordingly, the Court should declare that Respondents lack statutory authority to detain Petitioner under §1226(a) without providing a constitutionally adequate bond hearing and should order either (1) a prompt bond hearing before an Immigration Judge at which the government bears the burden of proof, or (2) Petitioner's release from custody pursuant to 28 U.S.C. §2241.

**COUNT THREE**

55. If he prevails, Petitioner requests attorney's fees and costs in the amount of $5,000 under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. §2412.

## X. PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter.

(2) Issue an Order to Show Cause ordering Respondents to show why this Petition should not be granted within three days.

(3) Declare that Petitioners' detention violates the Due Process Clause of the Fifth Amendment and Immigration Nationality Act.

(4) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately and Enjoin Respondents from further unlawfully detaining Petitioner.

(5) Request that Respondents, their officers, agents and all persons acting in concert with them, be prohibited from transferring, relocating, or removing Petitioner outside the jurisdiction of this Court pending resolution of this habeas proceeding; and

(6) Grant a Writ of Habeas Corpus ordering Respondents to immediately release Petitioners from custody.

(7) In the alternative, grant a Writ of Habeas Corpus ordering Respondents to immediately release Petitioners from custody under reasonable conditions of supervision.

(8) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law and

(9) Grant any further relief this Court deems just and proper.

Dated: October 23, 2026

Respectfully Submitted,

*/s/ Alfonso Morales*
Alfonso Morales, Esq.
Counsel for Petitioner

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I, , Alfonso Morales represent Petitioner, Ricardo Salgado Ortega, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 23rd day of October 2026.

/s/Alfonso Morales___

Alfonso Morales, Esq.
Counsel for Petitioner
*Ricardo Salgado Ortega*

**CERTIFICATE OF SERVICE**

I, Alfonso Morales hereby certify that on October 23, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which constitutes service on all parties or counsel by electronic means as reflected on the Notice of Electronic Filing.

/s/Alfonso Morales
Alfonso Morales
*Attorney for Ricardo Salgado Ortega*