# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

RICARDO SALGADO ORTEGA,

Petitioner,

v.

WARDEN ADELANTO ICE PROCESSING CENTER, et al.,

Respondents.

**CASE NO.** 5:26-CV-06281-CTS

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On October 23, 2026, Petitioner Ricardo Salgado Ortega ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States. (*See generally id.*) On October 30, 2026, Respondents filed an Answer to the Petition. (Ans., ECF No. 7.) On November 2, 2026, Petitioner filed his Reply. (Rep., ECF No. 10.) For the reasons set forth below, the Court GRANTS the Petition and ENJOINS Respondents from continuing to detain Petitioner unless, within seven (7) days of the date of this Order, he is provided with an individualized bond hearing before an immigration judge ("IJ").

The Petition includes few allegations regarding Petitioner's background or immigration history. He has been in the United States "for many years" and has two United States citizen children. (Pet. ¶¶ 29–30.) On October 14, 2026, while Petitioner was driving to work in Riverside, California, during the early morning hours, he was stopped and detained by immigration authorities. (*Id.* at ¶ 25.) He was driving his 1991 Nissan pickup truck with his work tools in the bed of the truck, and he suspects that he was stopped due to impermissible racial profiling. (*Id.* at ¶¶ 26–27.) Petitioner alleges that the officers who detained him did not identify any traffic violation, criminal activity, or other specific facts suggesting that Petitioner had violated any law before he was stopped and detained. (*Id.* at ¶ 26.) He does not believe that the officers possessed a judicial warrant for his arrest. (*Id.*) He does not believe that the officers had any individualized suspicion that Petitioner had committed any crime or immigration violation at the time of the detention. (*Id.* at ¶ 27.) Petitioner states that he did not flee, resist, obstruct, or otherwise interfere with the officers and complied with their commands. (*Id.*)

The I-213 Record of Deportable/Inadmissible Alien attached to the Answer as Exhibit A provides additional information.[1] Petitioner is a citizen of Mexico. (Ans. Ex. A., at 5.) He also has a long history with the United States Border Patrol ("USBP"). On November 10, 2002, November 11, 2002, November 12, 2002, November 13, 2002, November 16, 2002, and November 17, 2002, USBP encountered Petitioner near the Calexico, California Port of Entry, where, each time, he was apprehended, processed, served with a Voluntary Return, and removed to Mexico the same day. (*Id.* 7–8.) On July 14, 2011, USBP encountered Petitioner near the San Ysidro, California Port of Entry, where he was apprehended, processed, served with an Expedited Removal, Form I-860, and removed to Mexico

---

[1] Petitioner does not take issue with any of the information set forth in the I-213 in his Reply. (*See generally* Rep.)

the same day. (*Id.* at 8.) On July 26, 2011, Customs and Border Protection ("CBP") encountered Petitioner while he was applying for admission into the United States from Mexico at the Calexico, California Port of Entry, via the pedestrian primary lanes, using a fraudulent I-551 Permanent Resident Card; he was subsequently apprehended, processed, served with a Form I-860 Expedited Removal, and removed to Mexico the same day. (*Id.*) On July 27, 2011, USBP encountered Petitioner near the Calexico, California Port of Entry, where he was apprehended, processed, served with a Form I-871 Reinstatement of Removal, and held for prosecution under 8 U.S.C. § 1326. (Ans. Ex. A., at 8.) He subsequently served 72 days in federal prison. (*Id.*) On October 7, 2011, while Petitioner was serving his sentence at the California City Federal Correctional Institution, he was processed and served with a Form I-871 Reinstatement of Removal, then removed to Mexico on October 11, 2011. (*Id.*) On May 6, 2014, USBP encountered Petitioner near the Douglas, Arizona Port of Entry, where he was apprehended, processed, served with a Form I-871 Reinstatement of Removal, and removed to Mexico the next day. (*Id.*)

It appears that Petitioner's next contact with immigration officials was on October 14, 2026. The I-213 states the following: Early that morning, immigration enforcement agents conducted a targeted enforcement operation to locate and arrest a different individual at that individual's last known location. (*Id.* at 6.) At approximately 5:40 a.m., a person matching the physical appearance and description of the target emerged from the residence and entered the driver's side of a Nissan pickup truck. (*Id.* at 6–7.) The officers followed the vehicle and initiated a traffic stop. (*Id.* at 7.) A database search revealed Petitioner's identity and that he was subject to an outstanding removal order. (*Id.*) A supervisor authorized the issuance of a Warrant for Arrest of Alien, Form I-200, at 5:50 a.m. (*Id.*) The officers informed Petitioner of the administrative warrant. (*Id.*) Petitioner refused to exit the vehicle and kept the doors locked. (*Id.*) Officers "breached" the

passenger side window and "extracted" Petitioner from the vehicle. (*Id.*) His identity was confirmed by his California driver license. (*Id.*) He was taken into custody and transported from the scene. (*Id.*)

Petitioner challenges his detention on two grounds. Count One of the Petition is brought pursuant to the Fifth Amendment Due Process Clause and argues that Petitioner's continued detention without a bond hearing is unconstitutional. (Pet. ¶¶ 39–43.) Count Two is brought pursuant to the Immigration and Nationality Act and argues that Respondents' continued detention of Petitioner without affording him a bond hearing violates 8 U.S.C. § 1226(a)'s plain language and structure. (Pet. ¶¶ 44–54.) Both counts reference orders issued in the case of *Maldonado Bautista v. Santacruz*, No. 5:25-CV01873-SSS-BFM (C.D. Cal. filed July 23, 2025).

In their Answer, Respondents state that "Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*." (Ans. 1 (citation omitted).) The Court agrees. In *Rodriguez Vazquez*, the Ninth Circuit held that 8 U.S.C. § 1226 governs "inadmissible and deportable aliens present in the interior of the United States." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1172 (9th Cir. 2026). Petitioner is therefore entitled to "extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

Petitioner has not yet received an initial bond hearing. (Pet. ¶ 40.) Respondents agree that he is entitled to one. (Ans. 2.) The Court therefore finds

that Respondents must release Petitioner unless he is provided with a bond hearing within seven days. Petitioner must thereafter "be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community." *Rodriguez Vazquez*, 183 F.4th at 1167.

The Court notes that the Petition requests immediate release from custody. (*Id.* at 12.) However, the claims asserted in the Petition, which focus on the argument that detention under 8 U.S.C. § 1226(a) requires a bond hearing, do not support an order requiring immediate release at this time. (*See* Pet. ¶¶ 39–54.) The appropriate remedy at this stage "is an order requiring an individualized bond hearing be held" before an IJ within seven days. *Flores Arroyo v. Mullin*, No. 5:26-CV-04263-KES, 2026 WL 2337883, at *1 (C.D. Cal. Aug. 12, 2026); *see also Cruz Jimenez v. Mullin*, No. 5:26-CV-05902-MBK, 2026 WL 3090646, at *4 (C.D. Cal. Oct. 15, 2026) (finding that petitioner arrested in a traffic stop under similar circumstances as the instant Petitioner and detained under 8 U.S.C. § 1226(a) was entitled to a bond hearing but not immediate release). "Nothing in this order would prevent Petitioner from filing a new petition challenging any proceedings that take place before the IJ. Any such petition should be filed in a new case." *Flores Arroyo*, 2026 WL 2337883 at *2.

Petitioner's Reply attempts to recharacterize the Petition's claims as also challenging the legality of his initial seizure under the Fourth Amendment. (Rep. ¶¶ 1–2.) The Petition, however, does not properly raise such a claim. (*See generally* Pet.) Further, the report of Petitioner's initial detention set forth in the Form I-213 suggests that the officers who detained Petitioner had reasonable suspicion to conduct a traffic stop and that they obtained an administrative warrant for Petitioner's arrest. (Ans. Ex. A, at 6–7.) The Reply does not acknowledge or rebut these facts. Regardless, "even assuming that the officers lacked reasonable suspicion or there was some defect in the warrant, Petitioner fails to show that he is entitled to release for such a violation of his Fourth Amendment rights." *Cruz*

*Jimenez*, 2026 WL 3090646, at *3.

Finally, Petitioner requests that the Court order a bond hearing before an IJ "at which the government bears the burden of proof." (Pet. ¶ 54.) However, Petitioner has not provided any authority in support of this request or otherwise shown why he is entitled to that burden or standard or proof. Respondents may therefore apply the typical procedures for a bond hearing under 8 U.S.C. § 1226(a). *Cruz Jimenez*, 2026 WL 3090646, at *4.

IT IS THEREFORE ORDERED THAT:

1. Judgment shall be entered GRANTING the Petition to the extent it requests a finding that Petitioner is entitled to a bond hearing;
2. Respondents are ENJOINED from continuing to **detain Petitioner Ricardo Salgado Ortega (A 200-195-956)** unless, within seven (7) days of the date of this Order, he is provided with an individualized bond hearing before an immigration judge.

DATED: November 10, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE